John and Catherine Frier v. Commissioner.
Frier v. Commissioner
Docket No. 4071-70 SC.
United States Tax Court
T.C. Memo 1971-84; 1971 Tax Ct. Memo LEXIS 247; 30 T.C.M. (CCH) 345; T.C.M. (RIA) 71084; April 26, 1971, Filed John Frier, pro se, 639 Locksley Place, Webster Groves, Mo.Ted M. Riseling, for the respondent. STERRETT
Memorandum Findings of Fact and Opinion STERRETT, Judge: Respondent determined a deficiency of $172.46 in petitioners' income tax for the calendar year 1967. The only issue presented for our consideration is whether certain payments made by petitioners for personal services qualify as "medical care" expenses under section 213(a) of the Internal Revenue Code of 1954. [1]
Findings of Fact The petitioners John and Catherine Frier are husband and wife, living in Webster *248 Groves, Missouri. They timely filed their 1967 joint Federal income tax return with the district director of internal revenue at St. Louis, Missouri. John will hereinafter be referred to as petitioner. Petitioner is the owner of a toy manufacturing concern trading as The Alox Manufacturing Company. The revenues generated by this business provided most of petitioners' taxable income in 1967. The company's success depended upon petitioner's daily presence during normal working hours. For several years prior to 1967, petitioner's wife had suffered a series of strokes which left her a semi-invalid. She was unable to wash, dress, or feed herself, nor was she able to walk without benefit of a walker. In addition, she was required to take certain pills for her ailment three times a day. Rather than put his wife in a nursing home, petitioner hired certain individuals to attend to her needs while he was at work. The only duties required of these people were to give petitioner's wife her medication at the appropriate times, wash and dress her, and cook her meals. However, the individuals petitioner hired also cooked meals for both petitioners and did some light housework and laundry during *249 the day while petitioner was at work. None of the people hired by petitioner had any significant training in the field of nursing, since the work required of them was primarily ministerial in nature. Petitioner's wife's doctors were aware that petitioner had secured constant attendance for his wife, and lent their tacit approval to this course of conduct. On their income tax return for the year in question, petitioners deducted $2,785.44 as "Nursing care for Catherine Frier." In his notice of deficiency, respondent disallowed 40% of $2,809.44 ($2,785.44 plus an additional $24.00 payment to one of the individuals not included by petitioner on his 346 return) on the ground that this portion of petitioners' expenses was not for "medical care" as that term is used in section 213(a) of the Code. Opinion Section 213(e)(1)(A) defines "medical care," insofar as applicable here, as "amounts paid for the diagnosis, cure, mitigation, treatment or prevention of disease." Respondent concedes that it was necessary for Mrs. Frier to have someone in constant attendance in order to mitigate the effects of her illness, and the parties apparently agree that the cost of those services directly *250 benefiting Mrs. Frier's well-being are deductible under section 213. However, the record indicates that in addition to caring for Mrs. Frier, the individuals hired by petitioner prepared meals for him and his wife, and did some light housework also. Respondent attributed 40% of the cost of the services rendered to these domestic services and therefore disallowed 40% of the total cost of the individuals hired by petitioner to attend his wife. At trial, petitioner conceded, in effect, that these services were also performed. Much of his testimony consisted of an enumeration of some of the many ills which plague our society, as well as his dismay at Congress for passing of a law which, in petitioner's eyes, seemed unjust. While we may sympathize with petitioner in his particular plight, we adhere to the longstanding principle that deductions are a matter of legislative grace, New Colonial Ice Co., Inc. v. Helvering, 292 U.S. 435 (1934). To be deductible as a medical expense, the expense must have been incurred primarily for the mitigation of the particular physical or mental defect or illness. Borgmann v. Commissioner, - F. 2d - (C.A. 9, 1971); L. Keever Stringham, 12 T.C. 580 (1949), *251 affirmed 183 F. 2d 579 (C.A. 6, 1950). Based upon our review of the record which reveals that the individuals hired did spend the majority of their time performing "deductible medical services", it is our best estimate that 75% of the expenses at issue are deductible under section 213(e) (1)(A). Cohan v. Commissioner, 39 F. 2d 540 (C.A. 2, 193o). To reflect our findings in this case, Decision will be entered under Rule 50. Footnotes
1. All future statutory references are to the Internal Revenue Code of 1954 as applicable to the year in question, unless otherwise provided.↩